## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re: )
    Jerry and Carla McLean, )     Chapter 13
     )     Case No. 13-10832
    Debtors )

### DECISION AND ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS

This proceeding arose on the objection of the chapter 13 trustee to the debtors' two motor vehicle exemption claims.[1] The parties have stipulated to the facts and they have submitted the question for determination on the law. This decision and order contains my findings and conclusions pursuant to Fed. R. Bankr. Pro. 9014(c) and 7052. For the reasons given below, the trustee's objection is overruled.

Jerry and Carla McLean commenced this chapter 13 case as joint debtors. Together, they claimed exemptions in two jointly owned motor vehicles under the Maine exemption statute:[2] a 2004 Isuzu Ascender automobile valued at $4,500 and a 2005 Harley Davidson Sportster motorcycle valued at $6,500.[3] Maine law permits a debtor to exempt his or her interest, not to

---

[1] The district court has original jurisdiction of all bankruptcy cases and original but not exclusive jurisdiction of all civil proceedings arising under title 11 and arising in or related to cases under title 11. See 28 U.S.C. § 1334(a) and (b). The district court also has exclusive jurisdiction of property of the debtor and property of the estate in bankruptcy cases. See 28 U.S.C. § 1334(e)(1). In the District of Maine, bankruptcy judges are authorized to exercise the district court's jurisdiction of cases, proceedings, and property. See 28 U.S.C. § 157(a); D. Me. LR 83.6(a). The chapter 13 trustee's objection to the debtors' exemption claims is a proceeding arising under title 11 in a case under title 11; and, because it is a core proceeding, this bankruptcy court may enter a final order. See 28 U.S.C. § 157(b)(2)(B)

[2] A debtor who is a Maine resident may claim exemptions under state law. See 11 U.S.C. § 522 (b)(2) and (3)(a); 14 M.R.S.A. § 4426.

[3] The schedules reveal that on the filing date, the automobile was subject to a secured note with a balance due of $376 and the motorcycle was subject to a security interest with a balance due of $2,609. The validity, perfection and amount of these liens are not at issue in this proceeding.

exceed $5,000, in one motor vehicle.[4] Although the trustee plainly states that "[e]ach debtor cannot exempt more than his or her interest in one vehicle," his major objection does not appear to be the debtors' collective attempt to exempt both vehicles. After all, this deficiency could be corrected by the assignment of one vehicle exemption to each debtor. His primary concern is that the debtors have claimed the value of each exemption to be $5,000 based upon their joint ownership of each vehicle. According to the trustee, each debtor, as a joint owner of each vehicle, should be entitled to exempt no more than one-half of the value of each vehicle. Thus the crux of this dispute is the meaning of the word "interest" in the Maine exemption statute as it relates to a jointly owned motor vehicle. The outcome will determine how much, if any, of the value of each vehicle will be paid to the holders of allowed unsecured claims under the debtors' chapter 13 plan.

Federal law governs whether an interest in property is property of the bankruptcy estate, but state law will determine what constitutes an interest for bankruptcy purposes. See Butner v. United States, 440 U.S. 48, 54 (1979). The issue here – the value a debtor's joint interest in a motor vehicle under the Maine exemption statute – is an unsettled question of state law. When a federal court, including this bankruptcy court, is called upon to determine an unsettled question of state law it must predict, as best it can, how that state's highest court would resolve the issue,

---

[4] In pertinent part, 14 M.R.S.A. § 4422 provides:

The following property is exempt from attachment and execution, except to the extent that it has been fraudulently conveyed by the debtor.

. . . .

**2. Motor vehicle.** The debtor's interest, not to exceed $5,000 in value, in one motor vehicle.

2

see Kunelius v. Town of Stow, 588 F.3d 1, 9 (1st Cir. 2009); or certify the question. See Ropes & Gray LLP v. Jalbert (In re Engage, Inc.), 544 F.3d 50, 52 (1st Cir. 2008). The Maine Supreme Judicial Court has applied long-standing common law principles to a determination of the nature of a joint interest in personal property in another context. Hence, by analogy, this court is able to predict how that Court would decide the meaning of the word "interest" as it relates to a joint interest in a motor vehicle under the exemption statute.

In Strout v. Burgess, 68 A.2d 241 (1949), the Maine Court addressed the creation and nature of a joint tenancy with right of survivorship in connection with shares of corporate stock.[5] With respect to creation, the Court noted: "This Court adheres to the common law rule that in the creation of joint tenancies, four essential elements must be present, unity of time, unity of title, unity of interest, and unity of possession." Id. at 247 (internal citations omitted). "This means 'each tenant must have received the same interest, at the same time, conveyed by the same instrument giving each owner the right to full possession of the property.'" Welch Oil Company v. State Tax Assessor, 2012 WL 5450554 at *2 (Me. Super. Sept. 28, 2012)(quoting, Milliken v. First National Bank of Pittsfield, 290 A.2d 889, 890 (Me. 1972). We have no need to parse out each element of creation in this instance because joint ownership has been stipulated.

Similarly, the Court acknowledged the nature of a joint tenancy in personal property by acknowledging this common law principle: "A joint tenancy is a present estate in which both joint tenants are seized in the case of real estate, and possessed in the case of personal property

---

[5] The issue in Burgess was whether the stock transfer was an unsuccessful attempt to create a testamentary transfer or an attempt to create a present estate in joint tenancy with a right of survivorship. The Court held that a present estate had been created; however, because the transferor attempted to create the joint tenancy by transferring the stock to himself and another without an intermediary, there could be no right of survivorship. Hence, the present estate created by the transferor was a tenancy in common. This infirmity does not apply in our case.

per my and per tout." Strout v. Burgess at 252. *Per my et per tout* is French for by share and by whole.[6] What distinguishes a joint tenancy from tenancy in common is a right of survivorship which leaves a surviving joint tenant possessed of the entire interest (*per tout*) upon the death of the other joint tenant. This occurs not by the passing of title from the deceased tenant to the survivor but, rather, by the termination of the deceased joint tenant's interest. "By the very nature of the joint tenancy, the title of the first joint tenant who dies terminates with his death, and as both he and his cotenant were possessed and owners per tout, that is of the whole, the estate of the survivor continues as before." Id. This means each of two joint tenants is the owner of a one-half share (*per my*) and of the whole (*per tout*) until the joint tenancy is terminated by death or alienation. Upon death the survivor becomes the owner of the whole; and upon alienation by sale or other disposition, each joint tenant becomes a tenant in common with a *per my* interest in the property or the proceeds. Accordingly, under the Maine exemption statute, a debtor who owns one or more vehicles as a joint tenant may exempt his or her *per tout* interest, not to exceed $5,000, in one of those vehicles.

    Because the Maine exemption statute applies in this bankruptcy case, each debtor may exempt from property of the bankruptcy estate up to $5,000 of his or her joint interest in the

---

[6]

> Describing the unity of possession [Blackstone] repeated a time-hallowed phrase in the archaic dialect known as Law French: "[J]oint tenants are said to be seized per my et per tout," by the share and share all. "[T]hat is [he explained,] they each of them have the entire possession, as well of every parcel as of the whole." From the unity of joint tenancy comes what Blackstone labeled the "grand incident of joint estates; viz. the doctrine of survivorship," by which the entire estate continues in the surviving joint tenants until only one remains and the estate returns to a severalty.

John V. Orth, *Tenancy by the Entirety: The Strange Career of the Common-Law Marital Estate*, 1997 B.Y.U. L. Rev, 35-36 (internal citations omitted).

whole of one vehicle.[7] The value of each vehicle is its fair market value on the petition date.[8] According to the parties the value of the Isuzu was $4,500 and the value of the Sportster was $6,500. To arrive at the value of each debtor's interest, we deduct the value of the secured debt on each vehicle on the petition date. This leaves the value of each debtor's interest in the Isuzu at $4,124 and the Sportster at $3,891. Because those values did not exceed $5,000 on the petition date, each debtor may exempt his or her interest in the whole of one of those vehicles.

Under the so-called chapter 7 test, a chapter 13 plan may not be confirmed unless the value of property to be distributed on account of allowed unsecured claims is not less than the amount that would be paid on such claims if the bankruptcy estate were liquidated under chapter 7 on the effective date of the plan.[9] The effective date of the plan is unknown at this moment because confirmation of the debtors' plan has been postponed pending the outcome of this dispute. But the effective date of the plan is of no concern here. As exempt property, these vehicles are not property of the bankruptcy estate and will not figure into the chapter 7 test.

---

[7] Although not discussed by the parties and not a basis for this order, the federal exception statute itself may provide another reason why each debtors' joint interest is exempt. Under 11 U.S.C. § 522(b)(3)(B), a debtor may claim an exemption in "an interest as a . . . joint tenant to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."

[8] See 11 U.S.C. § 522(a)(2).

[9] See 11 U.S.C. 1325(a)(4).

**CONCLUSION**

The trustee's objection to exemption is overruled.

**SO ORDERED**.

DATED: February 6, 2013

_____
Louis H. Kornreich, Chief Judge
U. S. Bankruptcy Court